**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DAVID C. SMITH**                                                                                      **PETITIONER**

**VS.**                         **CASE NO.: 5:14CV00371 KGB/BD**

**LARRY NORRIS, Interim Director,**[1]
**Arkansas Department of Correction**                                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

---

[1] Larry Norris is Interim Director of the Arkansas Department of Correction and is hereby substituted as the proper Respondent in this case.

1

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.  Background

Petitioner David C. Smith, an inmate at the Arkansas Department of Correction ("ADC"), brings this petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254. Interim Director Norris has responded to the petition. (#6)

Mr. Smith pleaded guilty in Baxter County Circuit Court to the lesser-included offense of first-degree murder and was sentenced to life in prison. (#2 at pp. 19-20) Having entered a guilty plea, Mr. Smith was not eligible to pursue a direct appeal. ARK. R. APP. P. CRIM. 1. He did not file a state petition for post-conviction relief. See ARK. R. CRIM. P. 37.

Mr. Smith did file, however, a *pro se* habeas corpus petition with the Lee County Circuit Court claiming that he did not make a voluntary, knowing, and intelligent waiver of his right to effective assistance of counsel and that his plea counsel was ineffective for failing to argue any mitigating evidence at sentencing. (#2 at pp. 15-16) The Honorable Richard L. Proctor denied the petition because Mr. Smith did not meet his burden of

2

establishing that the trial court lacked jurisdiction or that the judgment and commitment order was invalid on its face. (#2 at pp. 21-22) Mr. Smith filed an untimely notice of appeal of Judge Proctor's order; however, there is no evidence that he pursued the appeal by lodging a record with the Arkansas Supreme Court.

In his federal petition, Mr. Smith complains that his counsel was ineffective. In support, he notes that, after pleading guilty, he received a life sentence when the "presumptive sentence" under Arkansas's sentencing guidelines was 360 months' imprisonment. (#2 at pp. 3-4) Mr. Smith also complains that the trial court failed to comply with Arkansas Rules of Criminal Procedure 24.4, 24.6, and 24.5, because the court did not inquire as to why he was agreeing to a term of life in prison instead of 360 months' imprisonment. (#2 at pp. 4-5) Finally, Mr. Smith argues that his procedural default of his claims in state courts should be excused because he lacked counsel when he filed his state habeas petition.

Interim Director Norris contends that Mr. Smith's claims are either procedurally defaulted, outside this Court's habeas corpus jurisdiction, or lack merit. For the reasons discussed below, the Court recommends that Mr. Smith's petition be denied and dismissed.

**III.** **<u>Discussion</u>**

    A.    Standard of Review

A federal court can grant a writ of habeas corpus to a state prisoner only if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or if it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). Relief will be granted only if the state court decision is both incorrect and unreasonable. *Id*. (quoting *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)). This Court must presume that the state court's factual findings are correct, and it is Mr. Smith's burden to rebut this presumption by clear and convincing evidence. *Id*. (citations omitted).

    B.    Ineffective Assistance of Counsel

        1.    Procedural Default

Mr. Smith complains that his lawyer was ineffective because the plea negotiations resulted in a life sentence. He notes that the presumptive sentence under Arkansas's sentencing guidelines was 360 months' imprisonment. (#2 at pp. 3-4) Mr. Norris contends that the ineffective-assistance claim should be dismissed as procedurally defaulted because Mr. Smith failed to properly present the argument to the state courts. See *Coleman v. Thompson*, 501 U.S. 722 (1991).

Here, Mr. Smith did not file a petition under Arkansas Rule of Criminal Procedure 37. While he brought a state habeas petition, the petition was dismissed because he failed to establish either a lack of jurisdiction or that he was being illegally detained. Thus, his ineffective-assistance-of-counsel claim is procedurally defaulted unless he can show cause for the default and actual prejudice, or that failure to consider the claims would result in a fundamental miscarriage of justice.

Mr. Smith argues that the Court should excuse his procedural default under *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012). Interim Director Norris contends that *Martinez* does not apply because Mr. Smith never filed a Rule 37 petition. (#6 at p. 4)

It is unnecessary to decide whether the *Martinez* exception applies to excuse Mr. Smith's procedural default because, under the circumstances of this case, it is more efficient to proceed to the merits. See *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006), cert. denied, 549 U.S. 1034 (2006) (holding that procedural default is not a jurisdictional bar, and federal courts can address the merits of an apparently defaulted claim "in the interest of judicial economy"); see also *Kemp v. Hobbs*, 2012 WL 2505229 (E.D.Ark. June 28, 2012) ("Where it is more efficient to do so, therefore, this Court may resolve [habeas] claims on the merits rather than navigating through a procedural-default thicket.") (citing 28 U.S.C. § 2254(b)(2) and *McKinnon v. Lockhart*, 921 F.2d 830, 833 n. 7 (8th Cir.1990)).

2. Merits of Ineffective-Assistance-of-Plea-Counsel Claim

A habeas challenge to a conviction obtained after a guilty plea is limited to the voluntariness of the plea and whether the defendant understood the charges and the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366 (1985). To prevail on his claim of ineffective-assistance, Mr. Smith must demonstrate a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id*. at 59; see also *Ward v. Hobbs*, 738 F.3d 915, 917 (8th Cir. 2013).

Here, there is nothing in the record to support Mr. Smith's assertion that his counsel was ineffective. In fact, Mr. Smith does not even allege that, had he known that the presumptive sentence was 360 months, he would have opted not to plead guilty and would have insisted on going to trial.

Furthermore, there were good reasons for Mr. Smith to accept the plea deal. In exchange for pleading guilty, Mr. Smith's charge was reduced from capital murder to first-degree murder. Had he gone to trial on the capital murder charge, the available punishments under Arkansas law would have been life in prison or death, a sentence to which Arkansas's non-binding sentencing standards would not have applied. See ARK. CODE ANN. § 5-10-10(c)(1)(Supp. 2011); ARK. CODE ANN. §§ 16-90-803(a)(1)(A)(Repl. 2006)(standards discretionary) and 16-90-803(b)(5)(providing that capital murder is

excluded from the sentencing standards). Based on these facts, Mr. Smith cannot establish that he was prejudiced by his counsel's representation during plea negotiations.

In any event, Mr. Smith's plea statement and the plea colloquy make clear that he knowingly entered into the plea agreement and understood the charges against him as well as the consequences of his guilty plea. (#6-4, #6-5)

### C. Trial Court's violations of Arkansas Rules of Criminal Procedure

Mr. Smith's second claim alleges that the trial court erred because it did not follow Arkansas Rules of Criminal Procedure 24.4, 24.6 and 24.5 when accepting his guilty plea. Specifically, Mr. Smith complains that the court did not attempt to learn why he was entering a plea to a term of life imprisonment instead of 360 months. This Court lacks jurisdiction to consider the claim.

Generally, state law issues cannot be raised in a federal habeas petition. See *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); accord *Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 861 (2011). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67–68.

Because Mr. Smith's second claim is based on an alleged violation of Arkansas procedural rules and not a violation of the Constitution, laws or treaties of the United States, the Court lacks subject matter jurisdiction to consider this claim.

## IV.     Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Smith has made a substantial showing of the denial of a federally protected right.  28 U.S.C. § 2253(c)(1)-(2).  Here, Mr. Smith has not provided any basis for issuing a certificate of appealability.

## V.     Conclusion

The Court recommends that David C. Smith's petition for writ of habeas corpus (docket entry #2) be denied.  Mr. Smith's ineffective-assistance-of-counsel claim should be DISMISSED, with prejudice; and his claim that the trial court erred by not following the Arkansas Rules of Criminal Procedure should be DISMISSED, without prejudice, for lack of jurisdiction.

DATED this 24th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE